## EX. PARTE BUD NEWMAN.

No. 1296. Decided June 26, 1897.

**1. Habeas Corpus for Bail in Capital Case—Burden of Proof.**

On an application, by habeas corpus, for bail in a capital case, the burden of proof to establish the fact that the proof is not evident, is not upon relator.

**2. Constitutional Provision—Construction of.**

By section 11, Bill of Rights of the Constitution, it is declared, that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses where the proof is evident." Held, the general rule is in favor of bail; the exception is stated and is in favor of the State, and the party relying upon the exception must prove it.

**3. Same—Where Indictment Has Been Found.**

Through great caution, section 11, Bill of Rights, also declares that "this provision shall not be so construed as to prevent bail, after indictment found, upon the examination of the evidence in such manner as may be prescribed by law." The Legislature has never prescribed how the examination shall be conducted, but in reason, under the constitutional provision, the indictment itself does not establish the guilt of defendant of a capital felony, much less the fact that the proof is evident of such fact, and it devolves upon the State, first, to introduce its evidence to establish that fact before relator is required to introduce his testimony. Overruling on this point Ex Parte Smith, 23 Texas Crim. App., 100.

**4. Same.**

The rule of procedure above stated is not to be affected by Code of Criminal Procedure, article 199, which guarantees to a relator, in such cases, the right to open and conclude the argument on the trial.

APPEAL from the District Court of Val Verde. Tried before Hon. WALTER GILLIS.

Appeal from a judgment in a habeas corpus proceeding refusing bail to relator, who was charged by indictment with robbery by the use of firearms; a capital felony.

The case is sufficiently stated in the opinion.

*Winchester Kelso, James M. Goggin,* and *H. C. Carter,* for relator, filed an able argument, which the Reporter regrets he can not reproduce owing to its length, and the fact that it can not be condensed without marring its force.

*Mann Trice,* Assistant Attorney-General, for the respondent. [No brief with the record.—Reporter.]

HURT, PRESIDING JUDGE.—Appellant was charged by indictment with robbery by the use of firearms. The indictment charges a capital offense. Upon the trial below, relator introduced one witness, Lewis, the prosecutor and alleged injured person. This witness failed to identify the relator as one of the parties engaged in the robbery. The names of a number of witnesses were on the back of the indictment. These witnesses were not used by the relator. The testimony of this witness shows that other parties were engaged in the robbery, but that he did not know who they were. The court below refused bail, holding evidently that the burden was upon the applicant to establish the fact that the proof was not evident that he was one of the parties engaged in the robbery, which is conceded to be a capital offense. In this view of the question, the court below is supported by the opinion of Judge Willson in Ex Parte Smith, 23 Texas Criminal Appeals, 100. The question is therefore presented whether or not the rule laid down in that case is correct. If the burden is upon the defendant to show that the proof is evident that it was not a capital offense, or that he was not a participant therein, then, in this case, the relator has not discharged the burden. If, however, the burden is upon the State, the relator is entitled to bail. Now, the question is, upon whom is the burden in such a case? The Constitution pro-

vides that all prisoners shall be bailable by sufficient sureties, except for capital offenses when the proof is evident. We hold that the general rule is in favor of bail, but that there is an exception to this general rule, and that the party relying upon the exception must prove it. The exception is in favor of the State. Unless the case be a capital one, and the proof is evident of this fact, and unless the prooof is evident that the prisoner is guilty of a capital crime, he is entitled to bail. He stands upon the Constitution of this State, which grants bail to all prisoners with sufficient sureties; and, as before stated, the party relying upon the exception must prove it. We are also of opinion that the indictment furnishes no proof that he is guilty of a capital crime, much less that he is guilty of a capital crime in which the proof is evident. Let us concede for the argument that the Legislature could shift the burden of proof, and could make an indictment a prima facie case of proof evident. This has not been done by the Legislature, and we must pass upon the constitutional provision as it stands. Through great caution, it is provided in the section of the Constitution that this provision shall not be so construed as to prevent bail after indictment found upon the examination of the evidence in such manner as may be prescribed by law. The Legislature has never prescribed how the examination shall be conducted. Hence it remains just as if that provision was not inserted, and will remain so until the Legislature acts upon the subject. A great many States hold, under Constitutions substantially similar to ours, that, after indictment found, the person is not entitled to bail, and go to the extent of holding that inquiry can not be made into the subject after indictment is found. Now, this provision of the Constitution provides that it shall not be construed as to prevent bail after indictment found. It may be contended, because the act of the Legislature gives the relator the right to open and conclude the argument in a habeas corpus case, that it therefore follows that the burden of proof is upon him. But such we do not construe to be the meaning of article 199 of the Code of Criminal Procedure of 1895. The general rule is that the party having the burden of proof has the opening and conclusion. This statute appears to us simply to guaranty to an applicant in a habeas corpus proceeding an additional advantage, as an exception to the general rule; for, if the burden was upon him, he had this right, independent of the statute. The construction contended for would require, in a case like this, that the applicant go into the enemy's camp, and examine the adversary's witnesses as his own. He would not be authorized to cross-examine them, nor to impeach them. Such a construction environs an applicant for bail in a writ of habeas corpus with difficulties which we do not believe the Constitution authorizes; and certainly a statute that would impose this burden ought to be clear and unambiguous, and not be left to implication or inference merely. Entertaining these views, the case of Ex Parte Smith, supra, and others following that authority, are hereby overruled, and the rule as to the burden of proof above indicated is now established as the mode of procedure

in this State. We are not to be understood as overruling all of the rules stated in the Smith Case, but only that which pertains to the burden of proof.

The judgment is reversed, and the relator is granted bail in the sum of $3000.

*Reversed and bail granted.*