## Ex Parte Nathan Patterson.

### No. 3365.    June 29, 1906.

**Rape—Habeas Corpus—Confession—Corpus Delicti.**

   Where upon appeal from a habeas corpus proceeding, before indictment found, there was no evidence in the case charging rape on a girl under age, except the confession of the defendant that he had had intercourse with the girl, and testimony of other witnesses that he had been seen sleeping on the same pallet with the girl and her mother; but the witnesses saw nothing wrong between them and the record further showed that both the mother and her daughter were present at the investigation and were not called upon to testify by either party. Held, that the corpus delicti could not be made out by the appellant's confession alone, and he was ordered released from custody.

Appeal from the District Court of Henderson. Tried below before the Hon. B. H. Gardner.

Appeal from an order remanding appellant to custody in default of bail on proceeding by habeas corpus, upon complaint made before a justice of the peace, charging rape.

*Faulk & Faulk,* for appellant.—On question of defendant's confession without proof of corpus delicti: Attaway v. State, 34 S. W. Rep., 112; Sullivan v. State, 51 id., 375.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with rape before a justice of the peace. Resort was had to the writ of habeas corpus before the district judge, who upon hearing the facts fixed bail at the sum of $500, and remanded him to custody in default of giving bond. It is contended that the evidence is not sufficient to authorize the holding of the relator in custody. There has been no indictment found. Where an indictment has been found, this court would not be authorized to discharge a prisoner. The facts show that appellant made a statement or confession to the effect that he had twice had intercourse with the girl, who is shown to be under 15 years of age. The only other fact introduced against appellant· was that the witness saw him sleeping on the same pallet with the girl and her mother. She observed, then, and states that she did not see anything wrong between them, only they slept on a pallet together. That she had seen this two or three times. Being asked if she had ever seen them in the act of sexual intercourse, she replied, "No, I never saw anything wrong with them." The mother of the girl was a widow. It is further shown that the girl (with whom he is alleged to have had intercourse) and the mother of the girl, and with whom he was seen sleeping on the pallet, were in the courtroom during the trial, and were pointed out and designated by one or two of the witnesses. They were not placed on the stand by the State or the defendant. It is contended by appellant that this is not sufficient evidence to authorize his being held in custody under the charge preferred. Since the decision in Ex parte Newman, 38 Texas Crim. Rep., 164, the rule has been and is that the burden of proof is on the State. Just what amount of evidence is requisite to hold an accused to await the action of the grand jury has not, so far as the writer is aware, yet been determined; but it must at least be sufficient to show that there is reason to believe that an indictment would be preferred for some violation of the law. It is a fundamental proposition, elementary in its character, in American criminal jurisprudence that the corpus delicti cannot be made out by the confession. It has been held that the confession may be used to assist in making out the corpus delicti, but this is, as far as the rule has gone in this State. Wherever the corpus delicti has been proved, the confession may be used to connect defendant with the crime. But if there is evidence to show a rape, it is to be found in· two facts; first, that defendant was seen on the pallet two or three times with the mother of the girl and the girl, and not doing anything wrong; and second, that he made a confession or statement that he had twice had intercourse with the girl with her consent. It may be

a suspicious circumstance that appellant was sleeping with the girl and the woman, and on the same pallet with them, yet the fact remains that he was not seen or known to have done anything. There was no illicit intercourse of any sort proved or attempted to be proved by any witness, apart from his confession. Sleeping on a pallet with a woman is not rape. In order to constitute the crime of rape, there must be a penetration proved in some way. If as a matter of fact appellant had connection with the girl she was present in the courtroom during the trial, and the burden being on the State, and it being incumbent on the State to make out a case sufficiently strong to hold the accused for rape—this girl should have been placed on the stand; or the mother, if the mother was cognizant of the fact that her daughter had had connection with appellant. The testimony shows that the mother and appellant were together on the same pallet, and places both women in such relation to appellant so that if intercourse had been had with either one of them, at least one of the women would have known that fact. It is to be presumed at least that the girl would have known the fact of having had intercourse with appellant if she did, yet she sat in the courtroom, and the State failed to use her. This is a very cogent circumstance from which to deduce the conclusion that the girl would not have testified to the intercourse, and without proof of intercourse a case has not been shown. There is no explanation given in the record why the girl was not introduced. She was brought to court. She knew the fact of whether a rape occurred on her, and the presumption is against the State by reason of its refusal to place her on the witness stand. Viewing this record as we do, under its environments and the facts as presented, we do not believe there was sufficient evidence to authorize the court to hold the accused, and he should have been discharged. The judgment is accordingly reversed and the appellant is ordered to be discharged and released from custody.

*Discharged.*

Brooks, Judge, absent.