## Ex Parte Phillip M. Firmin.

No. 907.    Decided November 2, 1910.

Rehearing Denied November 23, 1910.

**1.—Habeas Corpus—Bail—Practice on Appeal—Proof Evident.**

The Constitution of Texas provides that all parties charged with crime are entitled to bail except in cases of a capital offense where the proof is evident; and where upon appeal from a habeas corpus proceeding the record showed that the State introduced the indictment, warrant of arrest and the sheriff's return, and introduced no facts, and relator introduced no evidence, the relator was entitled to bail. Ramsey, Judge, dissenting.

**2.—Same—Motion for New Trial—Right of Appeal—Dismissal.**

The failure of the accused to file a motion for new trial in the trial court

is not cause for dismissal of the appeal in the Court of Criminal Appeals. Following Cotton v. State, 29 Texas, 186.

**3.—Same—Petition for Habeas Corpus—Allegation—Practice on Appeal—Jurisdiction.**

Where relator had been denied bail in a capital offense in the court below, it was not necessary that the petition definitely set out what relief the relator sought, and where it appeared on appeal that neither party introduced evidence but the State had only introduced the indictment, warrant of arrest and sheriff's return, it became the duty of the appellate court under Article 920, Code Criminal Procedure, to render a judgment admitting relator to bail. Ramsey, Judge, dissenting.

**4.—Same—Burden of Proof—Bail.**

Where, in a habeas corpus proceeding, the relator sought bail under charge of a capital offense, the burden of proof is on the State, and where the State only introduced the indictment, warrant of arrest and sheriff's return, and relator declined to introduce any evidence, he should have been admitted to bail. Following Ex Parte Newman, 38 Texas Crim. Rep., 164.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a habeas corpus proceeding denying relator bail in a capital case.

The opinion states the case.

*Vaughan & Hart* and *W. W. Ballew* and *Ivy, Hill & Greenwood,* for relator.—When the jurisdiction of the Court of Criminal Appeals attaches either through an original application for habeas corpus or by an appeal from the judgment of the District Court refusing bail, the jurisdiction and power of the Court of Criminal Appeals is plenary, absolute and final, and the judgment or mandate of the Court of Appeals in habeas corpus cases, whether original or on appeal, operates directly on the officer or person by whom the relator is detained, and said mandate is not to be transmitted to inferior courts for enforcement, as in ordinary appeals. Ex parte Erwin, 7 Texas Crim. App., 288; Ex parte Foster, 5 Texas Crim. App., 625; Ex parte Cole, 14 Texas Crim. App., 579; art. 920, White's Code Criminal Procedure.

On the question that the indictment would not make a prima facie case: Ex parte Bramer, 37 Texas, 1.

On the question of the nature and character of evidence necessary in denying bail: Ex parte Newman, 38 Texas Crim. Rep., 164; Ex parte Arthur, 47 S. W. Rep., 365; Ex parte Erwin, 7 Texas Crim. App., 288; Ex parte Foster, 5 Texas Crim. App., 625; Ex parte Rothschild, 2 Texas Crim. App., 560; McCoy v. State, 25 Texas, 33.

*John A. Mobley,* Assistant Attorney-General, and *A. M. Frazier,* County Attorney, for the State.—Cited authorities in minority opinion.

DAVIDSON, PRESIDING JUDGE.—Relator resorted to a writ of habeas corpus to obtain bail. The indictment returned into the District Court of Hill County charged him with the murder of A. B. Puckett.

On the habeas corpus trial the State introduced the indictment, warrant of arrest and the sheriff's return. Relator introduced no evidence. This is, in substance, the agreed statement of facts. Under this condition of the record relator was refused bail and brings his appeal to this court. Our Constitution provides that all parties charged with crime are entitled to bail except in cases of a capital offense where the proof is evident. The record before us does not contain any evidence in regard to the homicide. There were no facts introduced below and none are before this court showing the attendant circumstances of the homicide, if one was committed. Presumptions, under records showing this condition, will be indulged in favor of the liberty of the citizen. The indictment is no evidence against the accused showing that the offense charged was a capital crime. In fact, it only shows that relator was charged with murder of the deceased party named in the indictment. The questions involved here were discussed fully in the case of Ex parte Newman, 38 Texas Crim. Rep., 164. That opinion sustains relator's contention, and has been followed by this court where the question has arisen. Upon the hearing of appeals of this character by this court, this court will render such judgment as should have been rendered in the court below, and by the provisions of the Code of Criminal Procedure the action of this court is final in its judgment rendered in appeal cases under writ of habeas corpus except where the law authorizes subsequent application for the writ for matters not necessary here to state. When the State closed its case, and the relator failed or declined to introduce evidence, the court should have granted bail. There had been no case made out before the court that the attendant circumstances of the killing showed a capital crime, and that the proof was evident of that fact. But for the fact that an indictment had been preferred relator could be discharged from custody.

The judgment is therefore reversed and bail is granted in the sum of Four Thousand Dollars, upon the giving of which bond, under the terms of the law, to be approved by the officer having him in charge, he will be released from custody.

*Released under bail.*

RAMSEY, JUDGE (dissenting).—This case and cause No. 908 against the same relator are practically identical. The record shows that after suing out a writ of habeas corpus, which was filed and granted on 18th day of October of this year, that on the same or next day the cause came on to be heard before the court when there was introduced by the State the indictment returned against relator,

the warrant of arrest issued thereon, and the sheriff's return showing the due execution of such process, and that no other or further testimony was offered and admitted. On this showing the majority of the court holds, as a matter of law, that the relator is entitled to bail, and the court has in each case fixed the bail in the sum of Four Thousand Dollars. I agree that the judgment refusing bail was erroneous, and that such judgment ought to be reversed, and, as I believe, the cause should be remanded in order that the matter may be heard on its merits and to the end that justice may be done. For many years prior to the decision in the case of Ex parte Newman, 38 Texas Crim. Rep., 164, it had been held in this State that after an indictment is found, that the burden of proof rested upon the applicant to show the facts entitling him to bail. This had been the uniform holding of this court almost from the day of its organization until the rendition of the Newman opinion. Judge Willson, whose accuracy can most generally be relied upon, says, after referring to the Scoggin's case (6 Texas Crim. App., 546), in Ex parte Smith, 23 Texas Crim. App., 100: "This rule was reaffirmed in Randon's case (12 Texas Crim. App., 145), and has not been overruled, or even questioned, in any subsequent decision of this or any other court, that we are aware of; but on the contrary, stands approved by every authority, without a single exception that we have examined. (Church on Hab. Corp., sec. 404; Ex parte Vaughan, 44 Ala., 417; Ex parte Strange, 59 Cal., 416; Ex parte Springer, 1 Utah, 214; Hefren's case, 27 Ind., 87; Rhear's case, 67 Ala., 94; Jones' case, 55 Ind., 176; Kendall's case, 100 Ind., 599; Street's case, 43 Miss., 1; Bridewell's case, 57 Miss., 39; 1 Bishop Crim. Prac., sec. 262; Lynch's case, 38 Ill., 494; Hurd on Hab. Corp., 438-446; Cooley's Const. Lim., 380; Tinder's case, 19 Cal., 539; Mill's case, 2 Dev., N. C., 421; Hight's case, 1 Morris, Iowa, 407; Holley's case, 15 Fla., 688.)"

Judge Hurt dissented in that case and wrote an opinion of remarkable strength and vigor. Indeed, both the opinions of Judge Willson and Judge Hurt in that case are among the strongest of our courts. So far as I am concerned, I have not deemed it necessary to come to any definite conclusion as to which is the true rule in respect to where the burden of proof lies. While, of course, it is desirable that this question, as all other legal questions, should be settled right, it is, I think, more important that there should be a uniform rule adopted and followed by the court, because in any event it is a mere question of procedure, and amounts to no more than compelling the appellant or the State, in accordance with the rule adopted, to go forward in the production of testimony. The matter that concerns me most, and I think that would concern the profession most, in respect to such a rule of procedure is not so much the best rule, but rather that we should in any event follow the rule sanctioned by the last expression of the court and with

which the profession in general is familiar, and to which, in their practice, they have accommodated themselves. With this idea in what I shall say in this opinion I shall accept the decision in the Newman case as the law, and would, under any circumstances, in view of the fact that it remains now the settled law of the State, be disposed to follow and uphold it. But I am not to be driven to what I conceive to be the absurdity of saying that by force of this rule I am to decide any case blindfolded. Our law provides that after an indictment is found on examining trial or on habeas corpus a defendant can not be discharged, but provides in substance that bail in some amount must be required. This proceeds upon the conclusive presumption that in view of the indictment there must be some evidence worthy of investigation and worthy to be heard by a jury. In this case it is evident that counsel for the State as well as the court had overlooked the decision in the Newman case, 38 Texas Crim. Rep., 164, supra, and were proceeding in accordance with the precedent in the Smith case, supra, and other cases referred to therein.

The provisions of our Code of Criminal Procedure touching bail are as follows:

"Art. 919: The appeal in a habeas corpus case shall be heard and determined upon the law and the facts arising upon the record, and no incidental question which may have arisen on the hearing of the application before the court below shall be revised. The only design of the appeal is to do substantial justice to the party appealing.

"Art. 920: The Court of Criminal Appeals shall enter such judgment and make such orders as the law and nature of the case may require, and may make such orders relative to the costs in the case as may seem right, allowing costs and fixing the amount, or allowing no costs at all.

"Art. 921: The judgment of the Court of Criminal Appeals in appeals under habeas corpus shall be final and conclusive, and no further application in the same case can be made for the writ, except in cases specially provided for by law."

It is my judgment that by the provisions of article 920 that the Court of Criminal Appeals shall enter such judgment and make such orders as the law and the nature of the case requires, contemplated, as a matter of course, that the article has reference to a record that furnishes us some data by which an intelligent decision could be rendered. The writ of habeas corpus is a writ of right. The whole policy of the law is to expedite the hearing of such applications, and it was the intent and purpose of the statute manifestly that where an application for a writ of habeas corpus had been made in the trial court, and the facts developed, and bail refused, on appeal where this court should hold the bail was improperly refused, that being in possession of the facts we should make such orders in re-

spect to bail as the court below should have made. But it was never intended to force upon this tribunal, the court of last resort in matters of criminal appeal, the inexorable necessity of deciding without knowing the facts and without knowing the rights of the relator, and, in view of the fact that two applications were pending, the practical certainty that at least one of our decisions may or will be wrong. Nor is the decision of this court in the Newman case, supra, authority for the action of the court here. In that case a witness had been introduced. This witness was the prosecutor and the alleged injured person. This witness failed to identify the relator as one of the parties engaged in the robbery. In this state of the record, holding that the burden was on the State, and being confronted with the evidence of the witness claimed to have been wronged, of his inability to identify relator, the court as I believe wisely concluded that bail should be granted and they were at least in some fair position to indicate and fix the amount of bail. The decision of the court in the case of Ex parte Arthur, 47 S. W. Rep., 365, is more nearly in point and may fairly be said, in a measure to sustain the conclusion of the court in this case. It should be noticed, however, in that case that proof was made by relator touching his ability to give bond. It should be remembered also that in that case the charge was one with a graded penalty, running as low as five years in the penitentiary or one that might be fixed at death. That opinion ought, however, in my judgment, never to have been rendered, and we ought now to hasten to overrule it. I have believed all my life that there is no more responsible place in our form of government than a position on a court of last resort in matters affecting the peace of society and the life and liberty of a citizen. I have felt and thought that a judge clothed with this great authority ought to devote himself to his task and duty with as much singleness of purpose as any priest or prophet ever devoted his life to the service of God or man. But I have thought that this devotion should and did involve the exercise of judgment and should proceed with reference to the facts of a given case and the law to be applied to it. I have never believed and do not now believe that I am called on to undertake to decide any question absolutely blindfolded and without even a gambler's chance of being right on all matters I decide. We do not know, in the state of this record, whether these two cases related to the same transaction. Who knows from this record whether in truth the homicides may not have occurred at different times and different places? Who can say, that in both of them, he ought to be granted bail at all, and who can say that if bail is to be granted that it should be granted in both cases in the same amount? It may be in one case that we should err in granting bail at all. It may be in the other that we have fixed the bail at such an excessive sum, as to amount, practically, to a denial of the right of bail at all. No, it was never contemplated, in my judgment, by the article of

our statute above quoted that we should, in the condition of the record here presented, do more than reverse the judgment of the court below and remand the cause with directions to hear the proof and decide the case in a due and orderly manner.   This decision does the relator no harm, and yet protects the interest of the State. It can not be said it will greatly delay the matter, because as the record shows the application was sued out on one day and that the court below acted on the same or the next day and within less time than the State in this case would have to file a motion for rehearing, another application could be made, the matter heard, submitted to this court and determined on its merits, but with all possible respect to my brethren it seems to me that if the opinion is to stand, the court is put in the attitude of deciding without a hearing, because the whole record shows that there has been no hearing.

These reasons, in brief, and many others could be given for inducing me to file this dissent and enter this protest against a decision that I believe to be both unwise and unwarranted by law.

ON REHEARING.

November 23, 1910.

DAVIDSON, PRESIDING JUDGE.—On a previous day of this term the judgment herein was reversed and bail granted in the sum of $4,000 for reasons stated in the original opinion.

1.   It is contended by the State, in an amended motion for rehearing, that this court erred in not dismissing the appeal for the reason that the record does not disclose that a motion for new trial was filed and presented to the court below.   The failure of the accused to file a motion for new trial in the trial court is not cause for dismissal of the appeal in this court.   That does not constitute a jurisdictional question.   The appellant has the right to have his case considered whether he files a motion for new trial or not. White's Annotated Code of Criminal Procedure, article 824; Cotton v. State, 29 Texas, 186.   We deem it unnecessary to go into a discussion of this question.

2.   It is contended also that inasmuch as the petition for the habeas corpus is general, that this court is unauthorized to render the judgment that it did render, and that the petition does not suggest definitely what relief the applicant sought.   The statute provides that the application must allege the party applying for the writ is illegally restrained of his liberty, setting out the party who illegally restrains him of his liberty.   This is served upon the party who detains the applicant.   Service upon that party of the writ requires him to answer and show cause why he holds the applicant.   When this has been done the trial is had.   The character of practice shown in this case has been the universal practice in such cases, and

is in accord with our statutes. In this particular case the sheriff answered that he held the applicant by virtue of a warrant showing his arrest under an indictment charging murder. The trial court, under this showing, was and is required to investigate the case. The burden of proof being, in this character of proceeding, upon the State, the prosecution contented itself by introducing the indictment, warrant of arrest and sheriff's return, and closed the evidence for the State. Applicant declined to introduce any evidence. The State was satisfied, as the applicant also seems to have been. Upon this state of record the trial court refused bail. It, therefore, becomes the duty of this court on appeal to render such judgment as that court should have rendered upon the transcript or record sent to us. This we understand to be the clear wording of the statute. Article 920, Code of Criminal Procedure, supra.

3. We do not propose to further review the question as to the burden of proof, or the amount of evidence necessary to refuse bail. The Constitution requires that in order to refuse bail the proof must be evident that a capital crime has been committed. The amount of this evidence, and its weight and cogency, has been the subject of many decisions. None of these, however, have ever undertaken to evade the constitutional demand that the proof must be evident. Much difference of opinion has existed as to the rule by which the necessary quantum of proof is to be reached or weighed, and the force and effect to be given it. Many rules of construction have been also resorted to by the different courts, but any rule of construction in regard to this question must be subordinated to the plain and emphatic language of the Constitution, and this requires that the proof must be evident. As stated in the former opinion, there was no evidence introduced in this case as to the homicide or its attendant circumstances. The State contented itself by simply introducing the indictment, warrant of arrest and the sheriff's return. This does not constitute proof evident that a capital crime had been committed. The indictment is not evidence of crime. The presumption of innocence obtains where parties are charged with crime. If the introduction of the indictment constituted a prima facie case of guilt, then it would seem that the State would be justified before the jury in making out a prima facie case of murder in the first degree by simply introducing the indictment and resting its case, requiring thereby that the accused party should introduce evidence to disprove the finding of the grand jury. This under no authority would be correct.

As Judge McCord has ably discussed the main question in the case as urged by the State, I deem it wholly unnecessary to add anything on that subject.

The motion for rehearing is overruled.

*Overruled.*

RAMSEY, Judge (dissenting).—My views as to this motion are stated at length in the companion case, Ex parte Firmin, 60 Texas Crim. Rep., 222. For the reasons therein stated I dissent from the action of the court in overruling the motion for a rehearing.