WILLIAM H. PHELPS V. STATE.

No. 26,358. April 29, 1953.

*Power, McDonald and Mell*, by *Warren M. McDonald*, and *Milton Greer Mell*, Tyler (on appeal only) for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of beer in a dry area; the punishment, 30 days in jail and a fine of $500.00.

From the record, it appears that the appellant and his co-defendant appeared at the office of the county judge of Smith County, entered their pleas of guilty without the intervention of a jury; certain evidence was heard by the court, and then the following transpired: "At this point the county judge directed C. B. Brown and Wm. H. Phelps, the Defendants, to leave the county judge's office and remain outside, in the reception room of such office, which they did. The door between the

county's judge's office and the reception room of his office was then closed, and a conversation concerning the cases of the Defendants Phelps and Brown and the decision to be made by said judge concerning the proper amount of the punishment which the said judge ought to decide to assess against them was held by the county judge of Smith County, the witness, H. M. Branch, and Byron Tunnell, Assistant County Attorney of Smith County, Texas. . . . After such conversation the door between the two offices were opened, the two defendants were re-admitted, and the defendants were then found guilty by said county judge and a fine of Five Hundred ($500.00) Dollars, and a jail sentence of thirty (30) days was assessed by him against each defendant, Wm. H. Phelps and C. B. Brown."

Appellant moved for a new trial on the grounds that he had been deprived of a public trial and that the court had heard evidence in his absence, and the matter is properly before us by bill of exception.

The assistant county attorney testified at the hearing on the motion for new trial that he and the witness Branch went back over the facts of the case and elaborated on them while they were in the county judge's office with him. He stated that while this was taking place the door to the office of the county judge was closed and the two defendants were seated outside. This, in our opinion, was the hearing of evidence.

In 14 American Jurisprudence, Criminal Law, Section 190, at page 900, upon the question as to the right of the accused to be present at the trial, it is there said that the right extends to and is accorded "when evidence is introduced for the purpose of determining the amount of punishment to be imposed." As supporting such conclusion, it cites the case of State v. Reeder, 79 S.C. 139, 14 Ann. Cases 968. The rule is also stated in 15 American Jurisprudence, Criminal Law, Section 519, at page 169, wherein it is said, "A defendant's right to be present at the trial extends to the hearing of evidence to determine the amount of punishment."

Giving effect here to the rule stated, it is apparent that the appellant and Brown were entitled to be present during the hearing of any testimony by the trial court touching the punishment to be assessed by him in the exercise of his judicial discretion.

Appellant's counsel concedes, and we agree, that the trial court was acting with the best of intentions and the highest motives, but any rule we announce must fit all cases.

We think the trial court should be granted great latitude in what he considers, in order to properly fit the punishment to the offender, but all reason and justice require that the accused be present when he hears anything defamatory of the accused. Our system of jurisprudence is bottomed on the doctrine of confrontation. An accused is not confronted by witnesses who speak in his absence.

For the error of the trial court in excluding the accused from the place of trial during its progress, the judgment of the trial court is reversed and the cause remanded.