## EX PARTE DAVID FRED HAGLER, JR.

No. 27,507. April 20, 1955

*Byron Matthews* and *Ronald Aultman,* by *Byron Matthews,* Ft. Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Jerry Murad* and *Conard Florence,* Assistants Criminal District Attorney, Ft. Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the Judge of the Criminal District Court No. 2 of Tarrant County remanding appellant to the custody of the sheriff of Tarrant County for delivery to the agent of the state of Oklahoma.

At the hearing on the writ of habeas corpus, the warrant of the Governor of Texas, authorizing the delivery of the appellant to the agent of the State of Oklahoma, was not introduced in evidence, and it is upon this failure that the appellant relies. In fact, the state introduced no evidence at all at the hearing, documentary or otherwise.

A demand of the Governor of Oklahoma was introduced in evidence by the appellant, but nothing was introduced to show that the Governor of Texas had ever responded to this demand. No citizen can be extradited until the Governor of this state has authorized it. Section 3 of Article 1003a, Uniform Extradition Act, provides that "no demand for the extradition of a person charged with crime in another State shall be recognized by the Governor" of this state unless it meets certain conditions. It is this recognition which is a prerequisite to extradition.

The trial court attempted to qualify the statement of facts *which he and the attorney for each side had already approved* by attaching thereto a statement that a warrant from the Governor of Texas was on his bench at various times throughout the hearing. The state would have us hold that this certificate should be considered as filling the gap left in the record created by the failure of the state to offer the warrant in evidence.

The question here presented is basic and fundamental and reaches far beyond the outcome of this particular proceeding. The duty rests upon this court to see that those fundamental rules which protect the life and liberty of a citizen, whoever he may be, are enforced, and cases should be decided upon sound principles of law and not upon expediency. To sustain the trial judge in this case would require that we set aside those basic rules. This we decline to do.

Can we hold that a judge may, by way of his certificate, which is obviously an afterthought, incorporate into the record a document; i.e., the Governor's warrant, which is vital to a hearing when the person against whom this document is used never had a chance to object to it? To so hold would be contrary to all the rules of evidence.

While it is true that we would not order an appellant discharged because the court permitted certain inadmissible evidence to be introduced at the hearing, still we would not affirm a judgment ordering a citizen delivered to the agent of a demanding state where the court heard *no* evidence which would support such a judgment. In the case before us, the only evidence which the respondent and the court needed was the warrant of the Governor of Texas. But the respondent did not offer this indispensable bit of evidence, and the court did not hear it. Any hearing without it was a nullity. *We will not permit a judge to certify to this court that he based his judgment on an instrument which was never offered in evidence at the hearing.*

In Phelps v. State, 158 Texas Cr. Rep. 510, 257 S.W. 2d 302, we said: "Our system of jurisprudence is bottomed on the doctrine of confrontation. An accused is not confronted by witnesses who speak in his absence." By the same token, an accused is not confronted by a document which is not introduced in evidence.

It matters not what positions the litigants took at the hearing, the fact remains that the law guarantees that a citizen shall not be sent to a foreign state for trial until the following steps

have been taken, to-wit: (1) The Governor of this state shall issue a warrant which orders him delivered to the agent of the demanding state, (2) He shall be given an opportunity to apply for a writ of habeas corpus, and (3) He shall be given an opportunity to appeal to this court from an adverse ruling in the trial court.

The appellant here has waived none of these guarantees which the law accords him, and we are without the authority to waive any of these essential steps for him.

Any holding which would authorize a district judge to order a citizen extradited, except upon a warrant from the Governor of this state, would permit the authorities of a foreign state to ignore the office of Governor and apply directly to the district judge in extradition matters.

To recapitulate, the duty was upon the state to introduce in evidence at the hearing the authority of the Governor of this state to extradite the appellant in order to assume the burden of showing that the relator was rightfully detained. Ex parte Newman, 38 Texas Cr. Rep. 164, 41 S.W. 628, and Ex parte Patterson, 50 Texas Cr. Rep. 271, 95 S.W. 1061. In the case at bar, the state did nothing to meet this burden. Without such authority, the district judge was powerless to order the appellant delivered over to the agents of the demanding state. The state failed to fulfill its duty, and the court was without the power to enter the order which he did enter. This court has held that the respondent makes out a prima facie case when the Governor's warrant is introduced. Ex parte Teplitz, 159 Texas Cr. Rep. 94, 261 S.W. 2d 567. By the same token, it has not made out a prima facie case *until* the warrant *is* introduced.

It is not the duty of appellant to question the validity of a warrant until it is offered in evidence.

This court may not reverse and remand a judgment in a habeas corpus proceeding. Ex parte Fermin, 131 S.W. 1113. The only order which we are authorized to make under the record before us is to reverse the judgment and order the appellant discharged. Nothing in this opinion is to be construed as invalidating any warrant of the Governor of Texas ordering the appellant extradited. Such question is not before us and is not decided. If there is a valid warrant outstanding, the conclusions here expressed do not affect the same.

The judgment is reversed and the appellant ordered discharged.

DAVIDSON, Judge, concurring.

I concur in the conclusion of my brother Morrison that this case must be reversed and appellant ordered discharged. I have decided to separately state my views.

This is an appeal from the order of the Criminal District Court No. 2 of Tarrant County, Texas, remanding appellant to the custody of the sheriff of Tarrant County to be delivered to an agent of the State of Oklahoma for extradition to that state.

The order purports to have been issued in an extradition case. The question arises as to whether the case is one of extradition because of the absence of proof of a jurisdictional fact necessary to constitute it such a case.

The authority to extradite or remove one found in one state to another state to answer a criminal charge in that state stems solely and alone from the Constitution of the United States: Art. IV., Sec. 2. To implement that constitutional provision, Congress enacted Title 18, Sec. 3182,* and provided that such extradition or removal could be accomplished only by the order of the Governor of the asylum state—that is, the state from which the individual is to be removed.

To facilitate the exercise of those powers, the legislature of this state has enacted the Uniform Criminal Extradition Act (Art. 1008a, C.C.P.) in which is manifested the fact that extradition may be accomplished only by the order or warrant of the Governor of this state.

The order or warrant of the Governor of this state, authorizing the arrest and delivery of one found in this state to another state, is jurisdictional to the exercise of such arrest and delivery (Sec. 7, Art. 1008a, C.C.P.). Being jurisdictional, no extradition may be accomplished without such a warrant, and no extradition case exists.

The statement of facts in this case does not reflect that a warrant from the Governor of this state authorizing appellant's

*Originally Sec. 662.

arrest and extradition to the State of Oklahoma was offered in evidence. All parties agree that no such warrant was offered in evidence.

Unless and until a warrant from the Governor of this state was offered in evidence, appellant was not called upon nor did he have the opportunity to examine the same and ascertain if it measured up to the requirements prescribed by Sec. 7 of Art. 1008a, C.C.P.

It is suggested by the state that in the transcript of the proceedings—not the statement of facts—there is to be found a copy of the Governor's warrant. The copy referred to does not appear to have ever been filed in the trial court. How it happened to get into the transcript, then, is a matter of conjecture. Certainly we are not authorized to consider it for any purpose.

It is also suggested that there was a Governor's warrant present in the courtroom during the trial of the case.

If such be true, the state should have introduced it in evidence. Not having done so, the presumption must attain that such warrant did not authorize appellant's extradition.

It must be remembered that in habeas corpus proceedings to test the legality of an arrest and detention it is the burden of the respondent or state to show the lawfulness of the arrest and detention. Unless that is shown, the relator is entitled to be discharged. 21 Texas Jur., Habeas Corpus, Sec. 40, at p. 461; Ex parte Villareal, 80 Texas Cr. R. 23, 187 S.W. 214. Obviously, the state is not shown to have discharged that burden here.

Attention is also called to this further fact: The return of the sheriff of Tarrant County in answer to the writ of habeas corpus to show cause why he held the appellant reflects that he was in his "custody as Sheriff of said County by virtue of a certain Warrant for Arrest on charge of Fugitive from Justice issued by R. S. Callaway, Justice of Peace, Precinct 1, Place 2, Tarrant County, Texas on the 14th day of October, 1954. . . ."

This return is the only authority in this case showing why the appellant was under arrest or held in custody. A fugitive warrant is not a substitute for the Governor's warrant of ex-

tradition, nor does it authorize the issuance of an order of extradition.

Notwithstanding the admitted failure of the state to introduce in evidence a warrant from the Governor of this state authorizing appellant's extradition, it is suggested that we assume and presume that such a warrant did exist and that the trial court based its order thereon.

Neither this court nor any other court has the authority to assume or presume jurisdiction to act in any matter. The trial court, and this court, would have just as much authority to condemn one to the penitentiary as a convicted felon without an indictment before it as it would have to order the extradition of this appellant without having before it a valid warrant of the Governor of this state so authorizing.

In connection with the suggestion just stated, it is also insisted that this court determine for itself whether there was, in fact, a Governor's warrant—and this, without the record affirmatively so reflecting.

The answer to that suggestion lies in the fact that this case is not before us as an original matter. To the contrary, our jurisdiction in the matter is solely appellate.

Our duty and power, then, is to review upon appeal the action of the trial court. Were we to do anything else we would exceed our own jurisdiction. Our original jurisdiction has not been invoked.

We are not here authorized to determine whether there was, in fact, a Governor's warrant but, rather, whether the order of the trial court remanding this appellant for extradition was or was not authorized by the record before us.

The sheriff's return contradicts the theory of the state that appellant was held under authority of a warrant of the Governor of this state.

The record does not support the trial court's ruling.

Accordingly appellant is entitled to his discharge.

WOODLEY, Judge, dissenting.

The record clearly reveals the following:

Appellant is charged in Murray County in the state of Oklahoma with the offense of murder, the complaint sworn to on October 13, 1954, alleging the murder of an unknown person on or about October 10, 1954.

Warrant was issued for appellant's arrest by the magistrate before whom the complaint was made, and the county attorney applied to the Governor of Oklahoma for requisition alleging that appellant had fled to Texas.

The Governor of Oklahoma, on October 19, 1954, issued his requisition requesting the return of appellant to that state, and appointed an agent to receive him.

Appellant was arrested in Tarrant County, Texas, as shown by the return of the officer on the habeas corpus writ, as a fugitive from justice, upon a warrant issued by R. S. Callaway, a Justice of the Peace of Tarrant County, Texas. On October 21, 1954, he applied to Honorable David McGee, Judge of Criminal District Court No. 2 of Tarrant County, Texas, for writ of habeas corpus. The writ was granted and made returnable on October 22, 1954, at 10:30 a.m.

Prior to the hearing on the writ, a hearing was had before the Secretary of State in Austin, and the Governor granted extradition. Copies of the supporting papers, consisting of the appointment of the agent by the Governor of Oklahoma for the return of the prisoner, the requisition from the Governor of Oklahoma addressed to the Governor of the State of Texas; the application for requisition by the county attorney of Murray County, Oklahoma; a certified copy of the complaint filed in said Murray County, Oklahoma, and the warrant of arrest from that county, were offered in evidence at the habeas corpus hearing and it was stipulated that they "were used before the Secretary of State on October 19, 1954, for the purpose of obtaining the Governor's warrant," and were given to relator's attorney.

The executive warrant which the trial judge ordered to be filed and included in the transcript is in proper form and authorizes appellant's delivery to the agent of the State of Oklahoma for return to that state, and the trial judge certifies that such warrant was present and counsel for both the state and the defense and the court were cognizant of its presence.

It is true that neither the fugitive warrant issued by the Tarrant County magistrate, nor the executive warrant issued by the Governor of Texas was introduced in evidence by the assistant district attorney of Tarrant County, who appeared for the state.

If the duty of this court be to pass upon the correctness of the procedure at the habeas corpus hearing, then we must hold that counsel for the state erred in failing to formally introduce the executive warrant in evidence, that it might be shown in the statement of facts.

On the other hand, if the duty of this court is to determine whether or not appellant is unlawfully restrained under the extradition proceeding, then the order of the district judge remanding him to custody for extradition should be sustained.

The executive warrant issued by the Governor of Texas was before Judge McGee at the hearing and appellant, through his attorneys, treated it as having been introduced in evidence and assumed the burden of attempting to show its invalidity. That this is true may be demonstrated by the following quotations from the language of appellant's attorney appearing in the statement of facts: "Your Honor, as we understand the law, the purpose of this hearing, is on a Writ of habeas corpus filed on behalf of the Defendant, as the Respondent, and the burden of proof is upon the Defendant. In that connection, we would like to state to The Court, that when we asked The Court to set the hearing for ten-thirty this morning, we anticipated that all of the papers would be mailed to the Sheriff, and that it would not be necessary for the Defendant to obtain a subpoena duces tecum for those papers on the Secretary of State, or the Governor's Secretary, in order to have them here before The Court.

"We naturally know that The State does not need those papers. That they are the defendant in this hearing, and the burden is not on them. All they have to do, as we understand the law, is to offer the Warrant, and then it is up to us to prove that the extradition hearing was insufficient, that is, that the evidence introduced at the hearing was insufficient. That's our attack upon this matter at this time, through this Writ.

"I assume from what he said a minute ago, that he does not wish to stipulate that these are all of the papers, that the Governor of Texas used, *to grant extradition on*, that is, he used it as a basis *for granting extradition*. And found, *by his granting*

*extradition,* that all of the Uniform Act was complied with, every stipulation.

*"That's our attack upon it; that it was not met;* that the requirements were not met; and until we have all of the papers, or can agree that these are all of the papers, we are not ready to proceed."

And in connection with his request that appellant be released, counsel stated the reasons therefor as follows: "I would like to call The Court's attention to two or three things. One is, there are several certificates, or purported certificates filed *within* the papers. One, in which the Justice of the Peace says that he certifies that a man is the Clerk; and that same Clerk comes right back and certifies that the Justice of the Peace is the Justice of the Peace. Nowhere on those instruments do I see, or does there appear to be to me, any kind of a seal, or attesting or an acknowledgment, further than just the blank signature of the official, certifying that Mr. Green is the County Clerk and that Mr. Montgomery is the Justice of the Peace. For that reason, I think there is a fatal defect in the papers that were considered by the Secretary of State, on behalf of the Governor of the State of Texas, *who granted the extradition.*

"I would like to point out to The Court, additionally, that there is no instrument, no sufficient instrument, signed in affidavit form, purporting to establish that the Defendant was in the State of Oklahoma, at the time of the alleged offense.

"I would like to point out to The Court that neither is there any testimony here, nor was there any testimony offered at all, as the Sheriff has so testified, in the hearing at Austin, identifying this Defendant as being the man that was present in the State of Oklahoma, and the man that was wanted on the warrant for which this man is being held, *and for which extradition was granted by the Governor of the State of Texas.*

*"I also call to the Court's attention, that the Governor of the State of Texas executed this Warrant, but* he was not present at the extradition hearing, and did not hold an extradition hearing, and the Statute specifies that he should hold it.

"With those statements, we would like to request that The Court release the Respondent, because *the extradition warrant was improperly allowed,* and because it was based on a faulty Complaint — that is, not a faulty Complaint, but faulty allegations, and that they do not comply with the Uniform Extradition Act."

This is not, correctly speaking, an extradition case. Extradition is for the Governor and not the courts. This is a habeas corpus case, a case wherein one ordered to be extradited seeks to show that his arrest for extradition is illegal.

The hearing upon a writ of habeas corpus is not governed by the ordinary rules regulating trials. 21 Texas Jur. p. 441, Sec. 20; p. 457, Sec. 38.

Art. 858 C.C.P., relating to habeas corpus cases appealed to this court, provides in part that the appeal shall be heard and determined upon the law and the facts arising upon record, and "No incidental question which may have arisen on the hearing of the application before the court below shall be revised. The only design of the appeal is to do substantial justice to the party appealing."

Under the provisions of Art. 157, C.C.P.: "If it appears that the applicant is detained or held under a warrant of commitment which is informal or void, yet, if from the document on which the warrant was based, or from the proof on the hearing of the habeas corpus, it appears that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or held to bail."

This article is a part of Chapter 7 of the Code of Criminal Procedure. Art. 176 declares that the chapter applies to all cases of habeas corpus for the enlargement of persons illegally held in custody or in any manner restrained of their personal liberty.

Appellant's attack upon the extradition proceeding was not sustained by the trial judge nor by this court, but under the opinions of my brethren relator is to be released from custody because, on the hearing of the habeas corpus proceeding, the executive warrant was not offered in evidence; this notwithstanding the fact that in a proceeding which appears in all things regular, the Governor of this State has granted the request of the Governor of Oklahoma and has ordered his return to that state to answer the charge of murder.

As to the suggestion that appellant was deprived of the opportunity to object to the introduction of the executive warrant, upon what valid ground could objection have been made? And if made and sustained, what would be the result?

The answer may be found in Ex parte Gordon, 118 Texas Cr. Rep. 150, 37 S.W. 2d 1023: "if there be evidence improperly received or *rejected,* the reviewing court can disregard or *consider* the evidence according to its merit."

Believing that appellant should not be discharged, I respectfully dissent.