The brief filed on appellant's behalf is addressed to the charge.

The transcript contains objections to the charge consisting of some 33 pages, and what is denominated "Defendant's first amended objections to the charge" which occupies 31 additional pages of the transcript.

The court's ruling following both the first and amended objections is the same and reads "Overruled except as given in the Court's amended charge."

Only one charge appears in the record before us. It appears to have adequately protected the rights of appellant and our attention has not been directed to any error therein.

The judgment is affirmed.

Ex parte Richard YOUNG.

No. 31120.

Court of Criminal Appeals of Texas.

Dec. 2, 1959.

Roy Joe Stevens, Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

This is an appeal from an order of the District Court of Potter County remanding relator to the custody of the sheriff of said county for delivery to an agent for the State of South Carolina.

The sole question presented for review is the appellant's contention that the Governor's warrant was not introduced in evidence. Reliance is had upon Ex parte Hagler, 161 Tex.Cr.R. 387, 278 S.W.2d 143. The statement of facts before us here reflects that the prosecutor stated to the Court that he had "filed in this cause a Governor's warrant from the Governor of Texas * * *" and this is followed by a copy of the same set forth in full. When appellant's counsel approved a statement of facts, containing such warrant, as a full, true and correct statement of facts he certified that such warrant was in fact introduced in evidence and cannot now question the manner of its tender or receipt into evidence.

Finding no reversible error, the judgment is affirmed.