**Ex parte Gerald Eugene REAGAN.**

**No. 54256.**

Court of Criminal Appeals of Texas.

April 13, 1977.

H. Thomas Hirsch, Odessa, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This is an appeal from an order remanding appellant to custody for extradition to the State of California.

On this appeal appellant resists extradition on two grounds. First, he contends that the trial court's order must be reversed because the Texas Governor's Warrant and the supporting papers were not introduced into evidence and cannot support the trial court's decision.[1] Second, he contends that the authentication of the supporting papers by the executive authority of the State of California does not meet

---

1. The burden was on the State to introduce the Texas Governor's Warrant; however, the burden was on appellant to introduce the supporting papers. *Ex parte Kronhaus*, 410 S.W.2d 442 (Tex.Cr.App.1967).

the requirements of Art. 51.13, Sec. 3, V.A. C.C.P. Under the circumstances of this case, we overrule these contentions and affirm the judgment of the trial court.

The record reflects that the Texas Governor's Warrant together with the supporting papers from the State of California were marked as State's Exhibit No. 1. These papers were neither formally introduced nor admitted into evidence at the habeas corpus hearing. Appellant relies on *Ex parte Sykes,* 400 S.W.2d 568 (Tex.Cr.App.), wherein it is stated:

"The Executive Warrant of the Governor of Texas is not found in the record, though the order appealed from recites that it was considered.

"The same is true as to the requisition of the Governor of Arizona, and supporting documents.

"In the absence of the Executive Warrant or other evidence offered by the State, there was no showing that appellant was lawfully restrained.

"The order remanding appellant for extradition is reversed and the cause remanded."

It is clear, however, that State's Exhibit No. 1 was before the trial court and was considered by him prior to entry of his order remanding appellant to custody for extradition.

In *Killion v. State,* 503 S.W.2d 765 (Tex. Cr.App.1973), appellant entered pleas of guilty to two felony charges. On appeal he contended that the evidence was insufficient to support his convictions as required by Art. 1.15, V.A.C.C.P. The record in each case contained a written stipulation sworn to by appellant before a deputy district clerk in which the appellant fully acknowledged his guilt of each of the offenses charged. Although these written stipulations were neither formally introduced nor read into evidence, a reading of the records indicated that the court and the parties treated the stipulations as if they had been admitted into evidence. There we stated:

". . . The appellant did not object when the trial court treated the written stipulations as if they had been admitted into evidence. Therefore, they may be considered in support of the judgment as if they had formally been admitted." (Citations omitted)

We find *Killion,* supra, instructive here. Although the Texas Governor's Warrant was neither formally introduced nor admitted into evidence, it was treated by the court and the parties as if it had been admitted. The warrant is in the record before us and we find it regular on its face. Under these circumstances, we decline to reverse the judgment of the trial court. See *Ex parte Jackson,* 470 S.W.2d 679 (Tex. Cr.App.1971), and compare *Hokr v. State,* 545 S.W.2d 463 (Tex.Cr.App.1977); *Ex parte Hagler,* 278 S.W.2d 143 (Tex.Cr.App. 1955), is overruled to the extent of conflict.

Article 51.13, Sec. 3, supra, provides that no demand for extradition of a person charged with a crime in another state shall be recognized by the Governor of this State unless it is in writing and is accompanied by certain named documents which must be authenticated by the executive authority making the demand. As we understand appellant's second contention, he does not claim that the supporting papers do not contain the requisite documents; rather, he contends that these documents have not been properly authenticated by the Governor of the State of California. We overrule this contention. The opening paragraph of the requisition of the Governor of the State of California states, in part:

"Whereas, it appears by the annexed application for requisition and copies of docket sheet reflecting guilty plea and supporting papers *which I certify are authentic* and duly authenticated in accordance with the laws of the State of California, . . ." (Emphasis added.)

The contention is without merit, because this certification, which was signed by the Governor and Secretary of State of California and which bears the Great Seal of that State, was sufficient to authenticate all the supporting papers. See and compare *Ex parte Fontes,* 475 S.W.2d 781 (Tex.Cr.App. 1972); *Ex parte Case,* 485 S.W.2d 561 (Tex.

Cr.App.1972); *Ex parte Foss,* 492 S.W.2d 552 (Tex.Cr.App.1973).

The judgment is affirmed.

ONION, Presiding Judge, concurring.

I concur in the result reached as to ground of error # 1, but do not feel that the majority sufficiently states the facts and I find no reason to overrule *Ex parte Hagler,* 278 S.W.2d 143 (Tex.Cr.App.1955).

"In proceedings to challenge the legality of the arrest and detention of an accused under an executive warrant for his extradition, the state has the initial burden of showing that the arrest and detention are lawful." 25 Tex.Jur.2d, Extradition, § 3, p. 180.

The Executive Warrant of the Governor of the asylum state would appear to be an indispensable part of the evidence in any such proceeding. *Ex parte Hagler,* supra. If such warrant is in the courtroom at the habeas corpus hearing, it should be introduced into evidence by the State. If it is not introduced, it must be presumed that it does not authorize extradition. *Ex parte Hagler,* supra; *Ex parte Jackson,* 470 S.W.2d 679, 681 (Tex.Cr.App.1971).

It is well established that when the Executive Warrant, regular on its face, is introduced into evidence a prima facie cause authorizing extradition is made out. By the same token, such prima facie case is not established until the Executive Warrant is introduced. *Ex parte Hagler,* supra; *Ex parte Jackson,* supra.

As noted in *Hagler,* "It is not the duty of appellant to question the validity of a warrant until it is offered in evidence."

In *Ex parte Sykes,* 400 S.W.2d 568 (Tex.Cr.App.1966), the statement of facts, agreed to be true and correct, reflected only the testimony of the petitioner elicited by his own counsel. There was no Executive Warrant in the record though the order denying relief in the habeas corpus proceedings said the same was considered. The same was true as to the supporting papers. There the court wrote:

"In absence of the Executive Warrant or other evidence offered by the state, there was no showing that appellant was lawfully restrained."

*Ex parte Jackson,* supra, was distinguished from *Sykes* in that in *Jackson* the Executive Warrant was in the record before this court while in *Sykes* it was not. Further, the agreed statement of facts in *Jackson* reflected that it related only to the *testimony* given at the habeas corpus hearing and did not purport to include all the *evidence* presented as in *Sykes.* It was noted that evidence is a broader term and includes testimony which is one species of evidence. In *Jackson* the court wrote:

"Since the Texas Governor's Warrant, regular on its face, is in the record before us, and the trial judge's order clearly indicated it was before him when he entered his order, we deem the record sufficient to reflect its introduction and to establish a prima facie case authorizing extradition."

With this background the facts in the instant case should be observed.

At the habeas corpus hearing State's Exhibit # 1, which included the Executive Warrant of the Texas Governor and the supporting papers from California, was marked for identification by the court reporter. The record then reflects:

"MR. WITHROW (Assistant District Attorney): Is based entirely upon State's Exhibit No. 1, being the Governor's Warrant from the State of California and from the State of Texas, and the accompanying Affidavits to that Warrant, giving rise to the issuance of that Warrant, and that it is now, by the admission of this document into evidence, a prima facie case that the Governor of the State of Texas has issued his Warrant, and that he has looked at the accompanying papers, and they have been deemed sufficient to him for him to have issued that Warrant. And the Warrant therefore is proper to the fullest extent, and that it is now—the burden is upon the Defendant to rebut the prima facie case of the State, that the

extradition and the Governor's Warrant is valid and in full force and effect. "THE COURT: All right. Mr. Hirsch, you are entitled to have a copy of all of the instruments be delivered to you or the Petitioner. And you are entitled to have a chance to look at it.

"Have you had a chance to look over it?"

Appellant's counsel then assured the court he had had a chance to examine the papers as the District Attorney had given him a copy the preceding week. Then at some length appellant's counsel objected to certain papers and there was a colloquy about other papers in the exhibit. Subsequently appellant's counsel stipulated that appellant was "one and the same Gerald Eugene Regan as set out in the Governor's Warrant, Governor Briscoe's Warrant . . . ."

Later the appellant testified and admitted he had seen the Texas Governor's Warrant.

Thereafter the trial court denied relief.

While it does not appear that the prosecutor formally offered the Governor's Warrant into evidence and obtained a formal ruling as to its admission, all the parties considered the same in evidence. The dock-et sheet reflects the court heard testimony pertaining to the validity of the Governor's Warrant and expressly found the extradition packets to be in compliance with Article 51.13, Vernon's Ann.C.C.P. Further, similar findings were included in the court order denying relief.

The Governor's Warrant is in the record before us as part of State's Exhibit # 1.

This then, is a far cry from *Ex parte Hagler,* supra, where the State did not introduce the Governor's Warrant nor any other evidence.[1] In the instant case, while clearly no model for the introduction of exhibits into evidence, the prosecutor did offer State's Exhibit # 1 into evidence, though the offer was not clearcut. He then assumed that the same was admitted into evidence. The appellant had been given a copy of the exhibit the week before and after the State's offer a lengthy colloquy between the court and the parties occurred as to the various portions of the exhibit, including the Governor's Warrant. Under all of the circumstances, this case can be distinguished from *Ex parte Hagler,* supra, and to sustain the judgment *Hagler* need not be overruled, and it should not.

For the reasons stated, I concur.

---

1. In *Hagler* the petitioner did introduce the demand of the Oklahoma Governor, but nothing was introduced to show the Texas Governor had ever responded to this demand.