James T. McPHERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00553–CR.

Court of Appeals of Texas, San Antonio.

May 31, 1988.

Rehearing Denied June 22, 1988.

Discretionary Review Refused Aug. 3, 1988.

William D. Engle, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Michael Granados, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

BUTTS, Justice.

This is an attempted appeal from an order remanding petitioner to custody for extradition to the State of Colorado. It is not based on denial of habeas corpus relief. We are immediately confronted with a jurisdiction question.

Petitioner was arrested before the Governor's warrant was issued. According to the record at a later hearing, he appeared before the then presiding judge and he also earlier filed two applications for habeas corpus, which were dismissed as moot at his request. The record further shows that after the warrant was issued petitioner appeared before a different judge.

Petitioner appeared in 175th District Court on July 10, 1987. At that time he complained through his counsel that the provisions of section 10 of the Uniform Criminal Extradition Act, TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979) had not been met:

No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has a right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding State.

The judge then set a hearing for July 17, 1987, based on petitioner's statement that he was "not ready."

Specifically, petitioner says that a Texas judge of a court of record did not inform him of the demand made for his surrender and of the crime with which he is charged as prescribed by section 10. However, petitioner did have counsel before and during his appearances in court. Further, there is no assertion that he did not receive copies ("a complete set") of the demanding instruments as required by section 3 of the Uni-

form Criminal Extradition Act, TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979).

The purpose of section 10 of the Act is to protect the rights of the arrested person by preventing the arrested person from being delivered over to an agent from the demanding State *without first being afforded the opportunity to contest the legality of the arrest while in this State.* It is settled that the only method of contesting extradition proceedings is by way of habeas corpus.

In the instant case the record reflects petitioner had his own counsel; he appeared before the district judge. There is no showing he did not receive a complete set of the extradition instruments nor that he was not taken forthwith before a judge of a court of record. The record shows that the opportunity was given petitioner to test the legality of the arrest by habeas corpus. It is clear that he was not delivered over to the agent from the demanding State without availing him of that opportunity.

On July 17, 1987, a week after the first appearance date in that court, the trial court conducted a hearing although no application for a writ had been made.

The court made findings of fact and issued an order on October 8, 1987, upholding the extradition. The findings and order are not challenged. In *Ex parte Hagler,* 161 Tex.Cr.R. 387, 278 S.W.2d 143 (1955) it was emphasized that the law guarantees that a citizen shall not be sent to a foreign State for trial until: (1) the Governor of the State shall issue a warrant which orders him delivered to the agent of the demanding State; (2) *he is given an opportunity to apply for a writ of habeas corpus,* and, (3) he is given an opportunity to appeal from an adverse ruling. *Id.* 278 S.W.2d at 144–45.

In this case, as in *Ex parte Chapman,* 601 S.W.2d 380 (Tex.Crim.App.1980), the petitioner has clearly waived his right to proceed to the third step, the right to appeal, by failing to avail himself of the second step "opportunity." *Id.* at 383.

This case is similar to *Chapman* in that the present trial judge also conducted a gratuitous hearing and entered an order. However, like *Chapman*, this does not place petitioner in the posture of an applicant for habeas corpus whose prayer for relief has been denied for appellate purposes. The determination that the Governor's warrant should be issued had already been made. Thus, the trial court was not required to make any determination other than by proper motion for writ of habeas corpus challenging legality of arrest under the warrant. *Ex parte Chapman, supra* at 383. *See, Martinez v. State,* 688 S.W.2d 201 (Tex.App.—Corpus Christi 1985, no pet.).

In this case there is no application for habeas corpus, although petitioner was given the opportunity to apply for it. We hold this court is without jurisdiction to consider any appellate point in this case since our jurisdiction is limited to consideration of an appeal from denial of habeas corpus relief.

Accordingly, the attempted appeal must be dismissed, and it is so ordered.

CHAPA, J., concurs without opinion.

CANTU, Justice, concurring.

I write only to shed more light on what appears to be confusion in an area of the law not uncommonly visited by confusion.

I believe that the real problem before us is one of semantics. However, when everything has been said and done, I think it is clear that appellant correctly points out that the provisions of the Uniform Criminal Extradition Act, TEX.CODE CRIM.PROC. ANN. art. 51.13 (Vernon 1979) were never complied with as was the intent of the drafters.

Moreover, if appellant never availed himself of the opportunity to appeal because he never applied for a writ of habeas corpus, then it is apparent from my reading of the record that he did so (failed to apply for a writ) because the Court failed to comply with the requirement that appellant be informed of "the demand made for his surrender and of the crime with which he is charged." It is only after this provision of the Act has been complied with that a duty falls upon appellant to make known his "desire to test the legality of his arrest." Only after appellant has made an informed request for such a hearing is the trial court required to afford appellant a reasonable but fixed time within which to prepare and file his application for writ of habeas corpus to test the very allegations and demand by the demanding State of which he has been statutorily informed.

The majority opinion concludes that there is no assertion that he did not receive "a complete set" of the demanding instruments as required by section 3 of the Act. While arriving at this conclusion, the majority recognizes that appellant's specific complaint is that he was never informed by a Texas Judge of a court of record of the demand for his surrender and of the nature of the crime with which he has been charged. I see no problem with reading this complaint as encompassing a claim that he has never been afforded the benefits of Section 10 and that the complaint includes a failure to comply by handing him a copy of the "complete set" of the demanding instruments.

If compliance has never been had what does it matter that compliance was never had in a particular manner either? In either case the result remains the same. Appellant is never given a meaningful opportunity to decide whether a contest is in order or not.

Moreover, I find it offensive that the majority characterizes the hearing on October 8, 1987, upholding the extradition as cutting off appellant's right to contest the demand. If one can be deprived of his right to demand to know the nature of the foreign accusation by the expediency of a "hearing" given *sua sponte* by the trial court and then bind the appellant to the findings because he has not challenged them then there is no reason to pretend that the Act is on the books and that it means what it says. If there is no application for writ of habeas corpus as the majority states, it is because the time to file one never ripened. This being the case, the disposition made by the majority may be correct because an appeal cannot follow from the denial of relief on an application

that was never filed. Perhaps appellant's remedy lies elsewhere.

It seems to me that the complaint appellant voices above all others is that he cannot get the trial court to comply with step one so that he can move on to step two as the burden shifts to him. His remedy, in my opinion, lies in mandamus to compel compliance with the Act. Such is not before us. Nor can it come before us through the expediency of an appeal because the Court of Criminal Appeals has held that the only review available under the Act is by appeal from denial of relief upon an application for writ of habeas corpus. *See Ex parte Chapman,* 601 S.W.2d 380, 382–383 (Tex.Crim.App.1980).

This being so, whatever is before us is not an appeal, at least not from denial of habeas corpus. I must, therefore, concur that the thing to do is to dismiss the "attempted appeal."