**Weldon Earl MANN**

v.

**STATE of Texas.**

**No. 04–87–00217–CR.**

Court of Appeals of Texas,
San Antonio.

June 29, 1988.

Mercedes J. Kutcher, San Antonio, for appellant.

Stella Saxon, Asst. Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Weldon Earl Mann, appeals from a jury conviction for delivery of methamphetamine, by constructive transfer. His punishment was assessed by the jury at 99 years confinement and a fine of $20,-000.00.

The issues before us are

1) whether the evidence was sufficient to sustain the conviction because the State presented an inherently untrustworthy witness and no corroborating evidence;

2) whether the trial court abused its discretion in denying appellant an appointed independent chemist;

3) whether the prosecutor committed reversible error in final argument; and

4) whether the trial court erred by using a form in submission which constituted a comment on the weight of the evidence.

Atascosa County hired Juan Guerra to work undercover narcotics. The employment arrangements were that he be paid $100.00 upon purchase and delivery of narcotics, be furnished an efficiency apartment, and $20.00 a week spending money. He was provided money to make the buys.

On July 11, 1986, he met Danny Jacobson to make a buy of drugs as previously arranged. He gave Jacobson $50.00 to buy narcotics and they left in his car to find Jacobson's wife, Tammy. They found Tammy and appellant in appellant's car. After an argument between Jacobson and Tammy, Tammy showed Guerra a plastic bag containing brown powder which she offered for $100.00. Guerra told her that he only had the $50.00 he had previously given to Jacobson. In the presence of Guerra, Tammy then asked appellant if he would agree to sell only $50.00 worth of the narcotics from the bag she had. Appellant agreed, and proceeded to cut the plastic bag in half and seal the half with a lighter. Appellant then asked Tammy to show Guerra the $50.00 balloon she had, but Guerra told appellant he had no more money. Appellant responded, "well, whenever you need it." The $50.00 Guerra had given to Jacobson was then given to appellant, and Guerra received the bag which had been sealed by appellant. The bag was found to contain methamphetamine.

The defense presented evidence that Guerra was a patient in a methadone program, was tested positive for the presence of morphine, had used heroin and other drugs, had lied in another trial about his use of drugs, and had not notified Internal Revenue of his income from his informant work. The defense also presented Fred Jackson Ravinsky, Jr., who testified he worked across the street from the location of the alleged drug transaction involved, had observed the fight between Jacobson and Tammy, had observed that Tammy never left appellant's car as Guerra contended, that he had worked several jobs with appellant, and that he was on probation for delivery of marihuana.

In the initial complaint, appellant contends the evidence is insufficient to sustain the conviction because the State presented an inherently untrustworthy witness and no corroborating evidence.

The standard of review requires that we look at the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984) (en banc); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (en banc). In a trial by jury, consideration of conflicts or contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982) (en banc). TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979) provides:

The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence.

Therefore, this Court should not attempt to substitute its judgment as to the credibility of witnesses or what weight to be given their testimony except as provided by law. Since this Court never had the advantage of seeing or hearing any witness, these provisions of the law are logical and justified.

Appellant suggests that this Court, as a matter of law, declare Juan Guerra an inherently untrustworthy witness and thus, unbelievable. Appellant does not contend that Juan Guerra's testimony falls within the exceptions of art. 38.04, but that all the defects pointed out in impeachment sufficiently establishes his unbelievability. We can find no authority to comply with the wishes of appellant.

■ Appellant cites *United States v. Cervantes–Pacheco*, 800 F.2d 452 (5th Cir. 1986) in support of his contention. How-ever, on rehearing, the Fifth Circuit affirmed the conviction. *United States v. Cervantes–Pacheco*, 826 F.2d 310 (5th Cir. 1987). The Court held that an informant who is promised a contingent fee by the government is not disqualified from testifying. The credibility of the compensated witness, like that of the witness promised a reduced sentence, is for the jury to determine. In the instant case, appellant elicited testimony concerning the agreement to compensate Guerra. It was for the jury to determine the reliability of Guerra's testimony. Guerra was not, as a matter of law, an inherently untrustworthy witness.

■ Appellant also urges this Court to require corroboration of Guerra's testimony but fails to cite any authority. However, the law is clear that "[n]o corroboration is required under Sec. 1.02(8) to prove a delivery in the form of a constructive transfer." *Sheffield v. State*, 623 S.W.2d 403, 405 (Tex.Crim.App.1981); TEX.REV. CIV.STAT.ANN. art. 4476–15, § 1.02(7) (Vernon Supp.1988). The point is overruled.

Appellant next argues that the trial court abused its discretion in denying appellant the appointment of a chemist.

■ Under TEX.CODE CRIM.PROC. ANN. § 26.05 (Vernon Supp.1988) the appointment of an expert witness lies within the sound discretion of the trial court. *Quin v. State*, 608 S.W.2d 937 (Tex.Crim. App.1980). The burden is upon the appellant to show the court abused its discretion in denying appellant's request for the appointment of a chemist. *Castillo v. State*, 739 S.W.2d 280 (Tex.Crim.App.1987) (en banc); *Myre v. State*, 545 S.W.2d 820 (Tex. Crim.App.1977); *Volanty v. State*, 663 S.W.2d 897 (Tex.App.—Corpus Christi 1983, pet. ref'd) *cert. denied*, 469 U.S. 1111, 105 S.Ct. 790, 83 L.Ed.2d 784 (1985).

The record reflects that in pre-trial hearing, eighteen defense attorneys representing forty-two defendants, including appellant, requested the appointment of an independent chemist to analyze the alleged controlled substance because they had "reason to believe that some of these may have

been from the same cut." In denying the request, the trial court did not abuse its discretion based on the reasons presented for the request. Appellant has failed in his burden of showing abuse of discretion. The point is overruled.

Appellant contends the prosecutor made an improper argument to the jury during summation.

■■■ To be appropriate, jury arguments must fall within the areas of 1) summation of the evidence; 2) reasonable deduction from the evidence; 3) answer to argument of opposing counsel; or 4) a plea for law enforcement. *Melton v. State*, 713 S.W.2d 107, 114 (Tex.Crim.App.1986) (en banc). Any alleged improper argument by the prosecution is generally waived by a failure to object. *Landry v. State*, 706 S.W.2d 105 (Tex.Crim.App.1985) (en banc), *cert. denied*, 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986). However, a jury argument which is extreme or manifestly improper, or injects new and harmful facts into evidence is reversible error with or without objection. *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Crim.App.1985) (en banc), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

The prosecutor's argument appellant complains of consisted of the following:

... Ladies and Gentlemen, you hear everywhere, "Why don't they do something about the drug problem; why don't they do something about the drugs here in Atascosa County?"

Well I submit to you, Ladies and Gentlemen, when Sheriff Williams and David Soward found somebody who could get in here among them that they did something about the drug problem in Atascosa County.

I submit to you that Juan is a user. He is a sorry individual; that he maybe did something about the drug problem here in Atascosa County.

The Grand Jury who returned the indictments in these cases, and in this particular case, did something about the drug problem here in Atascosa County, but the final people that are going to

have to do something about the drug problems are the 12 of you.

Now you can say by your verdict, you can go back there and say, "Well, sorry, Tommy, we don't like your undercover; we don't like your operation."

No serial numbers. I don't know what a serial number would prove, but because it would have gone into this man's pocket, no serial numbers, "We don't like your operation; sorry, Tommy, we don't like Juan Guerra; sorry, Tommy."

"Get back out there, Weldon, and peddle your methamphetamine; sell this crank until Sheriff Williams can come up with somebody else to catch you," or you can say by your verdict, "I am mad, too, Tommy; I am sick of this drug problem."

■ Appellant failed to object to the argument. The record reflects that in addition to presenting evidence generally showing the unreliability of State's witness Guerra, appellant elicited evidence pertaining to Guerra making 68 drug buys which resulted in 140 indictments by the Grand Jury, and that the drug operation was an operation by the Atascosa County Sheriff. Thus, the prosecutor was merely summing up the evidence elicited by the defense, responding to the defense, and making a plea for law enforcement. The argument has not been shown to be manifestly improper. We further find beyond a reasonable doubt that the alleged error, if any, made no contribution to the conviction or the punishment. TEX.R.APP.P. 81(b)(2).

Appellant's reliance on *Dickinson v. State*, 685 S.W.2d 320 (Tex.Crim.App.1984) (en banc) is misplaced, since the prosecutor in that case improperly commented on the appellant's failure to testify. The point is overruled.

■ Appellant argues that the trial court erred by using a form in submission which constituted a comment on the weight of the evidence.

The form complained of reads:

We, the Jury, having found the Defendant, Weldon E. Mann, guilty of the offense of Delivery of a Controlled Substance: Methamphetamine of less than

28 grams, assess his punishment at confinement in the penitentiary for a term of <u>99 years</u>. (INSERT ANY TERM NOT LESS THAN FIVE YEARS NOR MORE THAN 99 YEARS OR LIFE.) In addition to confinement in the penitentiary, we further assess his punishment at a fine of <u>$20,000.00</u>. (INSERT ANY AMOUNT FROM 0 TO $20,000.00.)

Foreman of the Jury

Appellant's brief fails to cite any authorities in support of his contention, and fails to indicate how the form amounts to a comment on the weight of the evidence. TEX.R.APP.P. 74(f). Since the form permits the jury to assess any punishment within the confines of the law, we disagree that it is a comment on the weight of the evidence. The point is overruled.

The judgment is affirmed.