**Robert POWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 849–85.

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1989.

Michael Byck, Tena M. Hollingsworth, Lawrence B. Mitchell (on appeal and petition only), Dallas, for appellant.

Henry Wade, Former Dist. Atty., John Vance, Dist. Atty., and Jeffrey B. Keck, Marshall Gandy and Terri Board, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was indicted for the offense of indecency with a child, V.T.C.A., Penal Code, Section 21.11. Upon the conclusion of his trial, the jury found appellant guilty and sentenced him, after enhancement, to life imprisonment in the Texas Department of Corrections.

The Dallas Court of Appeals reversed appellant's conviction and remanded for a new trial. *Powell v. State,* 694 S.W.2d 416 (Tex.App.—Dallas 1985). In reversing appellant's conviction, the Court of Appeals, *inter alia,* found that introduction of the videotaped interview with the child-victim, as provided in Article 38.071, V.A.C.C.P., Section 4 and 5, violated both Article I, Section 10, of the Texas Constitution as well as the Sixth Amendment of the United States Constitution.

We granted the State's petition for discretionary review to determine whether the Court of Appeals correctly concluded that Article 38.071, Sections 4 and 5, supra, constituted an unconstitutional infringement on appellant's right to confrontation under the State and Federal Constitutions. See Tex.R.App.P., Rule 200. After com-

plete consideration of the issues presented therein and although we agree with the finding made by the Court of Appeals, we must vacate their judgment and remand the cause to them for further review.

Before appellant's trial, the State requested that a videotaped interview with the child-victim be made pursuant to Article 38.071, Section 4, V.A.C.C.P. That section reads in part as follows:

"[T]he court may, on the motion of the attorney for any party, order that the testimony of the child be taken outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding. Only those persons permitted to be present at the taking of testimony under Section 3 of this article may be present during the taking of the child's testimony, and the persons operating the equipment shall be confined from the child's sight and hearing as provided by Section 3. The court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant."

At the time of the State's request and again at trial, appellant objected to the creation and admission of this evidence on the basis that it denied his right to confront and cross-examine the witnesses against him. Appellant's objections were overruled. The trial court, therein, allowed the State to proceed with the interview and to admit the tape at trial.[1] Upon the conclusion of the guilt/innocence phase of the trial, appellant requested that the complainant, the child-victim, be called to give testimony under cross-examination before the trier of fact. Relying on Section 5 of Article 38.071, supra, the trial court denied appellant's request.[2] The court did afford appellant the opportunity to further cross-

examine the complainant via the videotape process, an alternative appellant rejected as a further denial of his right to confront the witness against him. As a result, appellant was never afforded, fully and completely, his right to confront the witness against him at trial.

At the time the State's petition in this case was granted, this Court was in the process of considering several cases in which the constitutionality of particular sections of Article 38.071 were being questioned. We have since determined that Section 2 of Article 38.071 is in fact unconstitutional as a violation of the confrontation clause of the Texas and United States Constitutions. *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987) cert. denied, — U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988).

■ Given the reasoning behind *Long* and it's progeny, and that this Court's holdings in those cases support those made by the lower court in this case, we find no reason to disturb the basic analysis and conclusion reached by the Court of Appeals. See also *Coy v. Iowa*, — U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (in which the court found that a statute which allowed complaining witnesses to testify in the defendant's presence but separated by a screen, violative of the defendant's right to confrontation). In so holding, the high Court stated that "[i]t is difficult to imagine a more obvious or damaging violation of the defendant's right to a face-to-face encounter."

Under the facts of the case before us we are unable to hold that the statute under scrutiny here affords the guarantee of a physical encounter between appellant and his accuser. Therefore, we find Article 38.071, Sections 4 and 5, V.A.C.C.P., unconstitutional as a violation of the confronta-

---

**1.** The creation and subsequent introduction at trial of the videotape resulted in appellant losing what is two basic essentials in any criminal proceeding: 1) the right to confront, face to face, one's accusers; and 2) the right to be present for cross-examination of witnesses. The latter not only includes physical presence as indicated in the prior, but also includes the ability to communicate with counsel in the course thereof. Such rights are guarantees

against both convictions in absentia as well as convictions by unknown or unseen evidence or witnesses.

**2.** Under Section 5 of the statute, a child may not be required to give in court testimony when that child has given a taped interview pursuant to either Section 3 or 4 of the statute.

tion clause of both the Texas and United States Constitutions.

 However, this Court has said that error, such as that in *Long,* is subject to a harmless error analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *Mallory v. State,* 752 S.W.2d 566 (Tex.Cr. App.1988); *accord Coy v. Iowa,* supra, in which the United States Supreme Court remanded for harmless error analysis under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We find that same necessity for such review present in the case before us. However, as this case was decided by the lower court prior to our decision in *Mallory,* no such harm analysis was done. We leave the issue to the court below.

Therefore, the finding by the Court of Appeals that Article 38.071, V.A.C.C.P., Sections 4 and 5 are unconstitutional is affirmed. The order of reversal of conviction and remand for new trial entered by that court is, however, vacated and we remand to the Court of Appeals for harm analysis pursuant to Rule 81(b)(2), supra.