**Tammy Sargent ZEPEDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–88–00146–CR, 04–88–00147–CR.**

Court of Appeals of Texas,
San Antonio.

June 21, 1989.

Richard E. Langlois, San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

## OPINION

BIERY, Justice.

Tammy Sargent Zepeda, appellant, was charged by two indictments with delivery of methamphetamine and delivery of heroin. Tammy waived trial by jury; both causes were tried before the court in a single trial. She was found guilty, and the trial court found the enhancement allegation of the indictment to be true. Punishment was assessed at 30 years' confinement in the Texas Department of Corrections.

Tammy challenges the conviction in three points of error: that the State's main witness, Juan Guerra, gave uncorroborated testimony, thereby violating appellant's

right to due process; that the evidence is insufficient to support a judgment of conviction against Tammy for delivery of methamphetamine; and that the evidence is insufficient to support a judgment of conviction against Tammy for delivery of heroin. We affirm the judgments of the trial court.

Point of error number one challenges the uncorroborated testimony of Juan Guerra as a violation of due process. In a related case, the contention that Guerra's uncorroborated testimony was inherently untrustworthy was found by this Court to be without merit. *Mann v. State,* 754 S.W.2d 371, 373 (Tex.App.—San Antonio 1988, no writ).

The record reflects that Atascosa County hired Juan Guerra to make undercover narcotic "buys." Guerra was paid $100.00 upon purchase and delivery of narcotics. In addition to the money needed to buy narcotics, he was furnished an efficiency apartment and $20.00 per week spending money. Evidence was presented at trial: that Guerra was a patient in a methadone program; that he was on probation for possession of heroin in Hidalgo County; that he had been imprisoned in Mexico for drug law violations; and that his federal drug probation was revoked but that he was not sent to prison. Guerra admitted an eleven-year history of drug addiction that continued throughout the period he worked for the Atascosa County Sheriff's Department. He confirmed that he had lied in another trial about his use of drugs and that he had not notified Internal Revenue of his income from his informant work.[1]

■ We view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex. Crim.App.1984); *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Crim.App.1983). Consideration of conflicts or contradictions in the evidence is within the province of the fact finder; likewise, whether to believe all, part or none of a particular witness's testimony is within the perview of the fact finder. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Crim.App.1974). An informant who is promised a contingent fee by the government is not disqualified from testifying. The credibility of the compensated witness, like that of the witness promised a reduced sentence, is for the fact finder to determine. *United States v. Cervantes–Pacheco,* 826 F.2d 310 (5th Cir.1987), *cert. denied sub nom. Nelson v. United States,* — U.S. ——, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988).

■ With reference to the uncorroborated nature of Guerra's testimony, no corroboration is required to prove delivery in the form of constructive transfer of heroin. *Sheffield v. State,* 623 S.W.2d 403, 405 (Tex.Crim.App.1981); TEX.REV.CIV. STAT.ANN. art. 4476–15, § 1.02(7) (Vernon Supp.1989). Guerra's testimony concerning delivery of methamphetamine was that delivery was directly from Tammy to Juan Guerra. Appellant cites no specific authority for the proposition that a witness's uncorroborated testimony violates her constitutional right to due process. She does not allege that Guerra's testimony was in any way proven to be false in the instant case. Tammy does contend that Guerra's uncorroborated testimony resulted in her having a trial which was "largely robbed of dignity due a rational process." Tammy further contends that the totality of the circumstances of her trial establish that her convictions were the result of a violation of her due process rights under the fourteenth amendment to the United States Constitution and Art. I, Sec. 19 of the Texas Constitution.

■ Denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166 (1941). While no court has been able to give a full and complete definition "due process" as used

---

1. Those who engage in this type of work are usually not pillars of the community. If they were, they probably would not be able to infiltrate the drug culture.

in both our state and federal constitutions, we know it includes and means that an accused shall, in a criminal case, be accorded that fundamental fairness necessary to the due administration of justice. *Webb v. State*, 161 Tex.Crim. 442, 278 S.W.2d 158, 160 (1955). Each case stands upon its own peculiar facts and circumstances as to whether a defendant has been afforded a fair trial. *Sullivan v. United States*, 317 F.2d 101, 102 (5th Cir.1963).

█ While we agree that there are a number of facts about Mr. Guerra which could have led the trial judge to disbelieve his testimony, we are not persuaded that the use of Guerra as a prosecution witness rose to the level of a due process violation under either the United States or Texas Constitutions. Point of error number one is overruled.

In points of error two and three, Tammy challenges the sufficiency of the evidence to prove actual delivery of methamphetamine and constructive delivery of heroin. Appellant concedes that the evidence to support the conviction is sufficient unless the testimony of Juan Guerra is excluded. Having declined to exclude the testimony of Juan Guerra, we find the evidence sufficient to support the convictions. Accordingly, the judgments of the trial court are affirmed.