Antonio GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–88–00404–CR.

Court of Appeals of Texas,
San Antonio.

March 18, 1992.

Rehearing Denied April 23, 1992.

Larry Zinn, San Antonio, for appellant.

Fred G. Rodriguez, Former Crim. Dist. Atty., Steven G. Hilbig, Crim. Dist. Atty., Mary Roman, Barbara Hervey, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before CHAPA, GARCIA and ONION,[1] JJ.

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

OPINION

ONION, Justice (Assigned).

On original submission this court reversed appellant's murder conviction. *Gonzales v. State,* 784 S.W.2d 723 (Tex. App.—San Antonio 1990). The trial court was found to have improperly authorized the presentation of a ten-year-old witness' testimony by closed circuit television expressly by virtue of a statute which was not applicable to murder offenses or to a child witness who was not the victim of the crime charged. TEX.CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1992). *Cf. Gonzales,* 784 S.W.2d at 727–28. This court found such action constituted a violation of appellant's constitutional rights of face-to-face confrontation of the witnesses against him, and that the error was not harmless error.

The Court of Criminal Appeals in a plurality opinion reversed our judgment finding that appellant's federal and state constitutional rights of confrontation were not violated. *Gonzales v. State,* 818 S.W.2d 756 (Tex.Crim.App.1991). The plurality agreed that it might be true that article 38.071 did not authorize the trial court's action because the child witness was neither the victim of the offense being tried, nor was the murder offense enumerated in the statute, but found it unnecessary for resolution of the issues to address the question whether the Legislature intended to extend article 38.071's application to the instant case situation. After reviewing certain general public policy considerations in protecting the welfare of children, the plurality concluded that there need not be an enabling statute in order for the trial court, as a matter of public policy, to take the action that it did in the instant case after a case-specific determination.

The plurality found that important public policy may be declared in forms other than by an act or statute, and that the Legislature was not the only body politic permitted to make public policy. The plurality relied in part on *Maryland v. Craig,* 497

U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), decided after the State's petition for discretionary review was filed in the instant cause. *Craig* held that the Sixth Amendment's Confrontation Clause did not absolutely prohibit Maryland from using closed-circuit television for the receipt of testimony by a child witness, where Maryland had enacted a statute and declared a public policy and the statutory procedures restricted to child abuse victims were followed. *Craig* noted that in certain narrow circumstances, competing interests, if closely examined, may warrant dispensing with confrontation at trial.

The instant cause was remanded to this court "to address appellant's due process claims that were not addressed on original submission." There were no separate point or points of error concerning "due process claims." In his sole point of error, appellant contended that "[T]he trial court erred in allowing a child witness to testify by means of a closed circuit TV under TEX.CODE CRIM.PROC.ANN. art. 38.971 (testimony of a child who is victim of offense)." *See Gonzales,* 784 S.W.2d at 724. The appellant divided his only point of error into three parts: (A) article 38.071 did not apply in the instant case; (B) if applicable, the statute was not followed; and (C) implementation of article 38.071 violated his rights of confrontation and due process rights "under the United States and Texas Constitutions." Appellant does not cite any specific constitutional provisions.

The only argument advanced in appellant's brief concerning due process is his claim that section 3 of article 38.071 as amended in 1987[2] and applicable to the instant case violates the due process clauses of the federal and state constitutions by creating a presumption of guilt by allowing a child to testify via television from a separate room out of a defendant's presence. Appellant further contends the procedure used in the instant case was "fundamentally unfair" in that he was denied access to the child witness while the "child advocate" employee of the prosecutor was permitted

---

**2.** Act of June 19, 1987, ch. 998, § 1 1987 Tex. Gen. Laws 3378; *see also Gonzales,* 784 S.W.2d at 727 n. 2.

to visit with the witness on a regular basis, preparing her for trial.

In view of the Court of Criminal Appeals' holding that the trial court's action was proper under the circumstance independent of article 38.071, and even in absence of an enabling statute, appellant's claim about section 3 of article 38.071 is moot. Moreover, putting aside any question of the multifarious nature of the point of error, *see McCambridge v. State*, 712 S.W.2d 499, 502 (Tex.Crim.App.1986); *Capello v. State*, 775 S.W.2d 476, 481 (Tex.App.—Austin 1989, pet. ref'd), appellant's due process claims are conclusory in nature and not supported by cited authority. Tex.R.App.P. 74(f); *Melton v. State*, 713 S.W.2d 107, 113–14 (Tex.Crim.App.1986); *Morales v. State*, 814 S.W.2d 824, 829 (Tex.App.—Amarillo 1991, pet. vacated); *Hawkins v. State*, 807 S.W.2d 874, 875 (Tex.App.—Beaumont 1991, pet. ref'd); *Coyle v. State*, 775 S.W.2d 843, 847 (Tex.App.—Dallas 1989, no pet.). Nothing is presented for review. *Carey v. State*, 677 S.W.2d 821, 825 (Tex.App.—Fort Worth 1984, no pet.).

Further, under the circumstances, we find no denial of "due process" as that term is understood. *Webb v. State*, 161 Tex.Crim. 442, 278 S.W.2d 158, 160 (1955); *Zepeda v. State*, 773 S.W.2d 730, 731–32 (Tex.App.—San Antonio 1989, no pet.). Appellant's due process claims are overruled.

The judgment is affirmed.

