Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JASON CLARKSON,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00295-CR

Appeal from the

County Criminal Court at Law No. 2

of El Paso County, Texas

(TC# 20040C165410)




O P I N I O N

           This is an attempted direct appeal from an order issued by the Hon. Stephen Ables on
August 31, 2005 entitled “Order of Assignment by the Presiding Judge.” The order assigns
the Hon. Susan Larsen to hear Appellant’s recusal motion seeking to recuse the Hon. Robert
Anchondo from hearing the underlying case.
           As a general rule, an appellate court may consider appeals by criminal defendants only
after conviction. See Ex parte Shumake, 953 S.W.2d 842, 844 (Tex. App.--Austin 1997, no
pet.). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent
express authority. See Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991);
McKown v. State, 915 S.W.2d 160, 161 (Tex. App.--Fort Worth 1996, no pet.). Narrow
exceptions exist to this general rule:
•appeals while on unadjudicated community supervision, see Kirk v.
State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); Dillehey v. State,
815 S.W.2d 623, 626 (Tex. Crim. App. 1991);
 
•denial of a motion to reduce bond, see Tex. R. App. P. 31.1; Clark v.
Barr, 827 S.W.2d 556, 557 (Tex. App.--Houston [1st Dist.] 1992, orig.
proceeding);
 
•denial of habeas corpus relief in extradition cases, see McPherson v.
State, 752 S.W.2d 178, 179 (Tex. App.--San Antonio 1988, pet. ref’d,
untimely filed);
 
•denial of habeas corpus relief while on unadjudicated community
supervision, see Ex parte McCullough, 966 S.W.2d 529, 531 (Tex.
Crim. App. 1998);
 
•denial of pretrial applications of writs of habeas corpus alleging double
jeopardy, see Ex parte Robinson, 641 S.W.2d 552, 555 (Tex. Crim.
App. [Panel Op.] 1982).

           This appeal does not fall within one of the exceptions to the rule. We conclude this
Court is without jurisdiction to entertain this appeal.
           Accordingly, we dismiss this appeal for want of jurisdiction.
 
                                                                             PER CURIAM

September 22, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)